May it please the court. I am Neil Gary Rosenzweig from Hollywood, Florida, and I've been appointed by the court to represent Derrick Allen McCaskey on his direct appeal. As the court is well aware, Mr. McCaskey entered into a plea agreement with the government which required him to plead guilty to two counts of the indictment against him. One was for a drug conspiracy. The other was for being in possession of a firearm. After sentencing and while this case is pending on appeal, the court came down with their decision in Simmons. And based on that decision, certainly Mr. McCaskey could not have been found guilty of the felon in possession charge. The government has conceded that and agrees with that in its brief. So basically what I think, where I think we are at at this point is that the conviction and sentence on the felon in possession charge should be vacated. And Mr. McCaskey would still challenge the sentence imposed by the district court on the conspiracy count based on the court's procedural errors in court in imposing sentence. The court failed to verify that the defendant and his counsel read and discussed the pre-sentence investigation report, which is required by Rule 32, state that it considered the 3553A factors in fashioning an appropriate sentence. It failed to state any reasons at all for the particular sentence imposed. And the court said he needed to be That's true. That is a reason. And that I think actually occurred early on. Yes. Well, it is a reason. I apologize, Your Honor. That was, in fact, one reason. I think for the sentence that is about to impose and not during the course of an extensive interrogation of the defendant as to his criminal history, the identity of those who were associated with him in the criminal enterprise, which took most of the 30, 31 pages of the sentencing to the sentence or to the manner in which it was imposed. All this goes back to the appeal waiver in the plea agreement. If I can get past that, then I have certainly an easier time. The plea agreement was, in my opinion, considerably worse. Now, obviously, all of you read a lot of these plea agreements and the plea colloquies that go with them, certainly much more than I do. But I think that you might agree that this was sorely lacking as far as what it failed to do. And according to Rule 11, these things are required of the court. They're not permissive anymore. You were going to talk about the appeal waiver? I do want to talk about the appeal waiver. These are the things, I mean, again, depending upon what the standard is that we have to surpass as appellant. If it's the Dominguez-Benitez case from the Supreme Court, where it basically says that we have to show that but for the error, the defendant would not have entered his guilty plea. And that may or may not be the actual standard. The case itself says that when a defendant is challenging his conviction rather than a sentence, then that standard applies. Other circuits, since then, have not applied that standard. They've gone back to the Vaughn standard, which simply says he has to show prejudice. But that being the case, the court in Dominguez-Benitez stated in a footnote that one Rule 11 error would not colorably present a structural error in which they could refuse to enforce a plea agreement based on basically presumed prejudice. So my question to the court would be, how many errors does it take in Rule 11 in a colloquy? Is it two? Is it four? I list at least six and a couple of other things that were stated by the court which ended up being incorrect, although one of them, certainly the factual basis of the plea, could not have been the things that were omitted. The court failed to inform the defendant of the government's right in a prosecution for perjury or false statement to use any statement he made during the plea colloquy that he gave under oath. Of course, since the court omitted that, there was no real reason to swear Mr. McCaskey in at the plea colloquy, and he wasn't sworn in. That he had the right to plead not guilty or having already so pleaded to persist in that plea. The right to be represented by counsel and, if necessary, have the court appoint counsel at trial and every other stage of the proceeding. The sentence was 200 months on the drug conspiracy count. Correct. 120 months on the 922-G. Concurrent. Concurrent. The 922-G is gone. I hope so. I think everybody I think the government agrees with that. I think they do. So, what does this want? Talk to me about the standing 200, the effect of the fact that the concurrent sentence, the concurrent 200-month sentence on the drug count was, is not challenged. Oh, I'm sorry. Or is not, was not affected by the Simmons error. Well, certainly, I think the errors committed by the district court affect the sentence in general. Okay. We have no indication whatsoever from the record that the court, in the absence of the additional count for the felon in possession charge, that the court would have sentenced Mr. McCaskey to the same sentence. Well, I don't know about that. That's certainly a great deal of indication then. He said that he didn't get enough time, probably perhaps in the other state convictions, that the fact that he had got more time there, he wouldn't have been available for these crimes. He didn't learn his lesson. He was involved in a high-speed chase where he was the passenger in the car. He had a chance to get out then. He didn't. It is replete with direct references to why the court thought this was an appropriate sentence. I know you're counsel, and you're doing a good job for your client, and I appreciate that. But to say that there's no indication that what the court might do otherwise, it's an understatement at best. Well, I'm trying to understate it, Your Honor. It's not a good point. I know, but there's a delicate balance of... I'm trying to do it more subtly than I did earlier. I'm trying to give you a hint that that balance is not struck well when it's done almost at the expense of the correctness of the record. Right, but district courts are not unmindful of the possibilities that things may happen between the time of sentencing and an appeal later on. Certainly, even with respect to the felon in possession charge, the Simmons case was decided, I think, a little bit more than a month after sentencing in this case. So the district courts would have been well aware, as would the government, that this case was not only in the pipeline, but it was going to be decided too, and soon. You are, I'm sure, painfully aware of the fact that there's a real potential for a period victory. It could go back and the court could decide that 200 months was insufficient on the drug count. That's true. Or even if you set aside the plea, there are all those charges that were dismissed because of it. Also true, and I am mindful of the fact that even though I'm not a physician, the Hippocratic Oath requires that a physician do no harm, and I subscribe to that. I know that in two of the cases that I read in preparation for today, the court was mindful of that and concerned, as they should be. In one case, the court required defense counsel, the appellate counsel, to certify to the court that the risks had been explained to his client and that he nonetheless wanted to go forward. And of course, as soon as I found that case, I sent off a letter to my client, in this case Mr. McCaskey, who of course I can't just pick up the phone and talk to, and explained as best as I could what the possibilities were. I don't think the court has to go that far necessarily, but yes, it is a possibility. I don't want to be responsible for something like that happening, certainly in light of Judge Gregory's comments about, I think, how angry the district court was with this gentleman. I can't foreclose that possibility. I would like that opportunity. Yeah, I do. I don't know what else to tell you, other than I would certainly like to have the opportunity to get that response from Mr. McCaskey. Going beyond the question of whether he'll waver in that, what's the standard review in terms of, what standard do we use to review your claim that it was an unreasonable sentence? The standard at this point, I think, is the government has to prove that it was harmless error. Why is it not plain error? Because Mr. McCaskey's trial counsel requested a low-end guideline sentence during the sentencing hearing, and your case, the cases in the Fourth Circuit, have indicated that if you do that, you've preserved the error. Yeah, I was on those cases and laying in those line of cases, but help me with the math. You requested, counsel requested a sentence on the low end. 188 months. 188 months. No, no, no. It didn't say the lowest. No, no. No, wait. I'm sorry. Let me formulate the question. He requested one on the low end. I think being in the 25 percent, you know, profile normally is considered the low end. The range was 188 to 235. That's a spread of, what, 47 points. Midway is somewhere around, what, 23.5 and half of that, about 11.75 months, right? And you add that to 188, that gets you 199.75. He gave him 200. That's about as low-end as you can get, and it's right there. It's in the quartile. It's the lower one-fourth. Why is that not the low end? Well, I think in order to answer that question sufficiently, I need to refresh my statistics from junior college. It's just simple math. There's a continuum right here. It goes from 47 points is the spread. The midway is that. If you ask for a mid-sentence, it would be 23.5, which you add that to the 188. The lower starts, I would think, in the lower fourth. So half of that would be 11.75. So I'm saying that if you look at grade point average, he's in the lower quarter of his class. I wouldn't know about that, Your Honor. I know you wouldn't. Being a scholar, that's why I had to give it to you. And I understand what Your Honor is saying. We may only be fighting for 12 months, the difference between 200 that he got and the 188, but regardless. I'm not talking about fighting about anything. I'm talking about this court, as an appellate court, must, is required to look at and apply the appropriate standard of review. And the question is, would this be plain error because you receive, your client received what his counsel requested, a low-end sentence? Chief Judge Traxler, Judge Duncan, I believe, even though I don't do the trial work, I do appeals for the court, not only here but in three other circuits, that what happens when an attorney or a criminal defendant asks the judge at sentencing or before for a low-end sentence, they're asking for the lowest possible sentence in that range. I don't know. I can't even imagine that it would be other than that. Well, you may be right, but when I practiced law, I always thought that my parents didn't have a lot of formal education, but they had a lot of common sense. What you want, you ask for. Tell the court, I want 188 months. I want the minimum, the lowest you can give. When you ask for low-end, you ask for low-end. But in the parlance used in the trial courts, they talk about low-end. They don't say I want the lowest range. I don't know. I haven't seen it. Can I ask you just a housekeeping question? Absolutely. Given the concessions made by the government on the 922 charge, you don't see a need now to remand with regard to determination of prior convictions and what the maximum penalties were, anything like that? We're talking about the gun charge alone in isolation. That's gone. There's no, no, no. We're looking, I'm really, I think I'm fighting for 12 months. I think that's what I'm fighting. Just, do you have any sense of, under the law, and I'm going to ask the government this too, because I'm not as clear on it, can the government enforce an appeal waiver only as to the drug count? Well, the appeal waiver was a package. Without giving you, yes. So given that part of the package is gone, is there such a thing as a selective enforcement of an appeal waiver? Of the appeal waiver itself, I don't believe so. I think that certainly the court can fashion a remedy that may parse certain counts out and do whatever. The possibilities are endless, which is what made this court kind of extraordinary. I find, I think. I'm sorry, I'm not sure what you're telling me. If I may briefly conclude. Let me get back to the real import of your question. The import was, if I think. Is there an appeal waiver? Is there an extent appeal waiver with respect to the drug? No, if the appeal waiver is tossed out by this court, I think it's applicable to everything. It's applicable to everything, which doesn't mean anything more than we can go forward with appealing the sentence based on procedural reasonableness. And at that point, I think that the burden shifts to the government to show harmless error, because it was preserved if the court doesn't take Judge Gregory's well-reasoned opinion. Thank you. Ms. Watford McKinney. Good morning. May it please the court. My name is Yvonne Watford McKinney. I represent the United States. With respect to the question that Your Honor just asked regarding selective enforcement of appeal waivers, we do believe that the government can opt to enforce a waiver on one issue and not enforce the waiver on another issue. And I think there is precedent for that in this court. In United States v. LATICA 2009 opinion, this court, Your Honor, and Judge Gregory, in addition to Judge Motz, indicated in a footnote that, and I'll just read this, because the government is not sought to enforce LATICA's appellate waiver, we need not consider whether the appeal is dispositive, excuse me, whether the waiver is dispositive of appeal, cites the Brock case. Declining to consider an appeal waiver that arguably barred the appeal on one issue because the government had expressly elected not to argue waiver with regard to that waived this argument according to the terms of his plea agreement. Nevertheless, the government expressly elected not to argue waiver with regard to this issue, and we declined to determine whether Brock waived the issue in the absence of argument by the parties. Thank you. I would think that the answer would be yes, and Your Honor, the government does seek to enforce the appeal waiver with regard to the sentence. I'm sorry to interrupt you. So you're saying it's a unilateral option that the government has as to which parts they want to enforce and which parts don't? I think that the case law would support that. And the defendant doesn't have that corresponding right? No. Well, I mean, it wouldn't make sense for him to do it, I know, but my point is that the government at its sole option can pick which it wants to enforce and which it doesn't. I believe so, particularly in a situation like this. If it had not been for the effect of Simmons on count 14 of the indictment, the government would be seeking the appellate waiver as to both counts. But because Simmons has done away with count 14, it would seem to be unfair that the government cannot continue to seek waiver on count one. And we believe that the defendant has waived. We believe that count one, the sentence that he received was within the scope of his waiver. He received a guideline sentence, which this court can presume to be reasonable. He got a midway sentence, if you will, on the drug count. And with respect to one of the other questions that came up on the drug count, I don't really know where the 12 says that we're fighting about. I don't know where he gets there. The sentence that the defendant received was a reasonable sentence. It was not outside the guidelines. It was not an upward variance or departure. It was reasonable. His counsel asked for a low end. The government asked for a within guideline sentence. The judge went through his criminal history, went to the case, went through prior leniencies, and he determined that a 200-month sentence was appropriate. And that was a reasonable sentence under the circumstances. So I don't really know where the 12 months comes in. Is there any affirmative indication that the court would have sentenced? I don't know that there would be. Sentenced similarly without the corresponding impact of the 922G sentence? No. The answer is probably no. Yeah. Because there wouldn't be. No, there really is not. Unless there are any other questions? Yes. Thank you. Okay, thank you. Mr. Rosenblatt. And I will try to be as brief and appreciate Yvonne's brief brevity. As far as the select enforcement of the appeal waiver, I'm not familiar with the case she cited. I only believe that she's forcing me to try and end run by requesting that the court find the waiver on the gun issue anyway. Or in some way find it. I don't know that they have to go back to the gun count. And I didn't get a chance to finish the laundry list of things involving the waiver that the court simply... Remember, this court at the plea colloquy mentioned the appeal waiver. Mentioned it. That was it. Could I... Perhaps this will help you focus. Perhaps not. I have a... Counsel for the government alluded to a factor that gives me pause. Mr. McCaskey did in fact receive for the drug count a in-guideline sentence which we presume under Gaul to be reasonable. Given that and the fact that it's unaffected by the 922g sentence, how do we send it back? How do we overcome the presumption of reasonableness to send it back? First of all, I think the presumption of reasonableness applies to the substantive sentence. The length of the sentence. But we're talking about a two-part inquiry into reasonableness at sentencing. One involves procedural reasonableness. If the court commits a significant reasonable procedural error, we never get to whether 200 months was reasonable or not. And of course, you know, the government and the defendant in this case reach an agreement as to what a plea agreement was they could both live with and now part of it's been stripped from us, leaving only the one charge. You know, which again, I think that the court might consider going lower. Because typically we go back and we don't see defendants getting punished as Judge Gregory suggested certainly could happen. Most of the time it stays the same where they get some kind of a benefit. And that's all that we're asking for. But certainly under the facts and the law of this case, you know, if the appeal waiver is out, then he can go and try to get something better again as long as it doesn't hurt him. Because then I have to quit being a lawyer and I don't want to do that. Thank you. All right. Thank you.
judges: William B. Traxler Jr., Roger L. Gregory, Allyson K. Duncan